UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS & PLASTERERS HEALTH & WELFARE TRUST, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>O-CO CONCRETE CONSTRUCTION, LLC,<br><br>　　　　　Defendant,<br><br>　　v.<br><br>ACTIVE CONSTRUCTION, INC.,<br><br>　　　　　Garnishee-Defendant. | NO. MC22-0084RSL<br><br>ORDER OF DISCHARGE |

THIS MATTER comes before the Court on plaintiff's "Motion for Judgment on Garnishee Defendant's Answer to Writ of Garnishment and Order of Disbursal." Dkt. # 5. Under Washington's garnishment statutes, in order for a debt to be recoverable from a third-party garnishee, the debt must be owing to the judgement debtor at the time of the writ of garnishment is served upon the garnishee. RCW 6.27.240; Dkt. # 3 at 2 (directing the garnishee to hold any debt or property "owed to defendant at the time this writ was served"). "The rights of a garnisheeing creditor are no greater than those of his debtor, and, if the debtor cannot recover the

**ORDER OF DISCHARGE - 1**

alleged debt in an action against the garnishee defendant, his creditor is under a similar disability." *Sundberg v. Boeing Airplane Co.*, 52 Wn.2d 734, 737 (1958). Where, as here, the garnishee represents that the debt is contingent on the satisfaction of specific events that had not occurred at the time the writ was served, the garnishment lien does not attach to the retained percentage (or retainage) held by the garnishee. Dkt. # 4. If the judgment creditors wanted to challenge the garnishee's representation, they were required to file an affidavit controverting the answer of the garnishee within twenty days. RCW 6.27.240. *See also Watkins v. Peterson Enterprises, Inc.*, 137 Wn.2d 632, 648 (1999). ("RCW 6.27.240 in turn determines whether a garnishee is actually indebted to or holds property of the debtor. If it appears from the garnishee's answer that the garnishee was neither indebted to nor held property belonging to the debtor, and if neither the debtor nor creditor controverts the garnishee's answer, then the garnishee is discharged with no further liability under the writ of garnishment. RCW 6.27.210 and .240. In such case, the writ of garnishment is unsuccessful since the writ has found no garnishable income or property held by the garnishee.").

There being to affidavit on file, the motion for entry of judgment on the garnishee's answer is DENIED and the garnishee is hereby DISCHARGED from this action with no further liability pursuant to RCW 6.27.240. The Clerk of Court is directed to terminate this action.

Dated this 17th day of November, 2022.

Robert S. Lasnik
United States District Judge

**ORDER OF DISCHARGE - 2**